**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIZHONG CUI, | No. 10-70556 |
| Petitioner, | Agency Nos. A098-467-501 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012**

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Lizhong Cui, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review for substantial evidence factual findings and review de novo legal determinations.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny the petition for review.

Substantial evidence supports the agency's finding that Cui's single instance of arrest, detention, and interrogation did not rise to the level of past persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (concluding that a single detention, beating, and interrogation did not compel a finding of past persecution).  Substantial evidence also supports the agency's finding that Cui failed to demonstrate a well-founded fear of future harm.  *See id.* at 1022 (determining that petitioner failed to establish a well-founded fear of future persecution where he did not present sufficient objective evidence that authorities had a continued interest in him); *see also Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009) (noting that petitioner bears the burden of establishing eligibility for asylum).  Accordingly, Cui's asylum claim fails.

Because Cui has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

10-70556

Finally, Cui did not challenge the agency's findings regarding CAT relief.

*See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (petitioner waived

CAT claim when he failed to raise it in his brief).

**PETITION FOR REVIEW DENIED.**